IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Jose Balbuena and Oscar Balbuena Gabino<br><br>  Plaintiffs,<br><br>v.<br><br>   and<br><br>Primos Elmhurst LLC and<br>Jose Luis Fernandez<br>  Defendants. | Case No. _____<br><br>PLAINTIFF DEMANDS<br>TRIAL BY JURY |

## COMPLAINT

Plaintiffs, Jose Balbuena ("Plaintiff" or "Jose") and Oscar Balbuena Gabino ("Plaintiff" or "Oscar"), by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against Primos Elmhurst LLC ("Defendant" or "Primos Locos") and Jose Luis Fernandez ("Defendant" or "Jose Luis Fernandez"). Primos Locos and Jose Luis Fernandez may collectively be referred to as "Defendants". In support of this Complaint, Plaintiffs state:

### Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

### Parties

2. Plaintiffs are residents of Justice, Illinois; and they were employed by Defendants.

3. Primos Elmhurst LLC is a business that is located, headquartered, and conducts business in Elmhurst, Illinois.

4. Jose Luis Fernandez is the owner and Manager of Primos Locos, and they are in charge of its employees. On information and belief, Jose Luis Fernandez is a resident of Elmhurts, Illinois.

5. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, they have more than three employees.

## Jurisdiction And Venue

6. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the NORTHERN District of Illinois because all underlying facts and transactions occurred in or about Elmhurts, Illinois.

## Facts Common To All Claims

8. Primos Locos is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

9. Jose Luis Fernandez is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiffs' head "boss" at Primos Locos; (2) they had the power to hire and fire the employees, including Plaintiffs; (3) they supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## COUNT I: VIOLATION OF THE FLSA

10. Plaintiff Jose Balbuena reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 10.

11. Plaintiff Jose Balbuena began working at Primos Locos in or before July, 2019 and is currently working at Defendant.

12. At all times, Plaintiff held the same position at Primos Locos, he was a cook. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform baking, food prep, and cleaning, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

13. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 53 hours per week.

14. Plaintiff was paid their wages on a(n) weekly basis.

15. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

16. Plaintiff's rate of pay was $22.00 per hour.

17. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

18. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

19. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

20. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $23,738.00 in unpaid overtime wages; (ii) liquidated damages of $23,738.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

**WHEREFORE**, Plaintiff Jose Balbuena respectfully requests that the Court enter a judgment in their favor and against Defendants Primos Locos and Jose Luis Fernandez jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $23,738.00;

B. An award liquidated damages in an amount equal to at least $23,738.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT II: VIOLATION OF IMWL

21. Plaintiff Jose Balbuena incorporates by reference Paragraphs 1-20, as if set forth in full herein for this Paragraph 21.

22. This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

23. Defendant's failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

24. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments totaling $73,332.00, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

25. The amount of unpaid overtime wages owed to Plaintiff is $23,738.00.

**WHEREFORE**, Plaintiff Jose Balbuena respectfully requests that the Court enter a judgment in their favor and against Defendants Primos Locos and Jose Luis Fernandez jointly and severally, for:

A.  The amount of wages worked by Plaintiff for which he was not paid overtime wages, totaling at least $23,738.00;

B.  Award Statutory damages for Plaintiff, including treble damages totaling $73,332.00 and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C.  Declare that Defendants have violated the IMWL;

D.  Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E.  Any such additional or alternative relief as this Court deems just and proper.

## COUNT III: BREACH OF CONTRACT

26. In or about 2018, Plaintiff Jose Balbuena entered into an investment contract with Defendant Jose Luis Fernandez, wherein Plaintiff invested $22,000.00 for the opening costs of an additional restaurant business to be called "Tacabron", and in exchange Plaintiff was to receive 10% of return from the operation of the new restaurant once it opened.

27. Plaintiff performed all of the obligations and conditions on its part to be performed under the Agreement.

28. Plaintiff has repeatedly demanded payment of all amounts due and owing from Defendant Jose Luis Fernandez, who has failed to make any payments.

29. Defendants' Jose Luis Fernandez failure to make payment constitutes a breach of contract.

30.   As a result of the above, Plaintiff Jose Balbuena has suffered damages in the amount of $22,000.00, plus 10% of net proceeds of the operation of the restaurant "Tacabron", plus costs, pre judgement interest, and attorneys fees.

**WHEREFORE,** Plaintiff Jose Balbuena respectfully requests that the Court enter a judgment in their favor and against Defendant Jose Luis Fernandez and order Defendant Jose Luis Fernandez to pay $22,000.00, plus 10% of net proceeds of the operation of the restaurant "Tacabron", plus costs, pre judgement interest, and attorneys fees.

### COUNT IV: VIOLATION OF THE FLSA

31.   Plaintiff Oscar Balbuena Gabino reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 31.

32.   Plaintiff Oscar Balbuena Gabino began working at Primos Locos in or before 2017 until October 2020.

33.   At all times, Plaintiff held the same position at Primos Locos, he was a cook. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform baking, food prep, and cleaning, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

34.   Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 54 hours per week.

35.   Plaintiff was paid their wages on a(n) hourly basis.

36.   Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

37. Plaintiff's rate of pay was $11.11 per hour.

38. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

39. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

40. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

41. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $4,277.35 in unpaid overtime wages; (ii) liquidated damages of $4,277.35; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit B.

**WHEREFORE**, Plaintiff Oscar Balbuena Gabino respectfully requests that the Court enter a judgment in its favor and against Defendants Primos Locos and Jose Luis Fernandez jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $4,277.35;

B. An award liquidated damages in an amount equal to at least $4,277.35;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT V: VIOLATION OF IMWL

42. Plaintiff Oscar Balbuena Gabino incorporates by reference Paragraphs 31-41, as if set forth in full herein for this Paragraph 42.

43. This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

44. Defendant's failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

45. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments totaling $12,832.05, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

46. The amount of unpaid overtime wages owed to Plaintiff is $4,277.35.

**WHEREFORE**, Plaintiff Oscar Balbuena Gabino respectfully requests that the Court enter a judgment in their favor and against Defendants Primos Locos and Jose Luis Fernandez jointly and severally, for:

A. The amount of wages worked by Plaintiff for which he was not paid overtime wages, totaling at least $4,277.35;

B. Award Statutory damages for Plaintiff, including treble damages totaling $12,832.05, 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this honorable court deems just and proper.

s/Daniel I. Schlade
Attorney For Plaintiff

Daniel I. Schlade (ARDC No. 6273008)
James M. Dore (ARDC No. 6296265)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-942-9415 x 103
Email: dschlade@justicialaboral.com
       danschlade@gmail.com

**PLAINTIFF DEMANDS TRIAL BY JURY**